UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN KIRK MATTHEWS,

    Plaintiff,

v.                                         Case No: 8:23-cv-1989-CEH-JSS

WENDY FARNIER and DAVID MITTEL,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the court construes as a Motion for Leave to Proceed in Forma Pauperis. (Motion, Dkt. 2.) Upon consideration, it is recommended that the Motion be denied and Plaintiff's Complaint (Dkt. 1) be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted). "[A]n

affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an in forma pauperis motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08).

Further, when a party seeks leave to proceed in forma pauperis, the court must review the case and dismiss it on its own accord if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court construes pleadings drafted by pro se litigants liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); however, they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of Plaintiff's Motion, it appears that he may be eligible to proceed in forma pauperis in this case. However, upon review of Plaintiff's Complaint (Dkt. 1), the undersigned recommends that the Motion be denied, and that the Complaint be dismissed because Plaintiff fails to properly state claims as required by the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 10(b) further requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Complaints that violate either Rule 8(a) or Rule 10(b) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second type of shotgun pleading is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321–22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Plaintiff brings his Complaint against a manager and dispatcher at his former employer for alleged employment discrimination under Title VII of the Civil Rights Act of 1964. (Dkt. 1 at 2–3.) Plaintiff alleges that he was dispatched to the wrong address for a work order and was told that he would not be needed. (*Id.* at 7–8.) Plaintiff states that, "in accordance with the 4 hour minimum requirement of Florida, [Plaintiff] was supposed to be compensated 4 hours of pay for arriving to work and being canceled." (*Id.* at 7.) Plaintiff further states that the dispatcher, Defendant Farnier, told him that he would not be compensated because he was rude and allegedly threatened a supervisor. (*Id.*) Plaintiff supplemented his Complaint with a picture of his cell phone showing the address to which he was dispatched, a picture of his work order for the day the events allegedly occurred, and pictures of his cell phone showing text messages exchanged with Defendant Farnier. (*Id.* at 5–6, 10–17.)

As pleaded, Plaintiff's Complaint fails to satisfy Rules 8 and 10 and violates the second type of impermissible shotgun pleading identified by the Eleventh Circuit. Plaintiff's allegations are not separated into numbered paragraphs, each limited to a single set of circumstances as required by Rule 10, and he has failed to separate his claims into distinct counts making it virtually impossible to decipher his claims. *Peers v. U.S. Bank, N.A.*, No: 8:21-cv-935-CEH-AEP, 2023 WL 113555, at *5 (citing *Weiland*, 792 F.3d at 1322 and dismissing complaint as shotgun pleading); *see also Du v. McDonough*, No: 8:22-cv-1526-CEH-TGW, 2022 WL 2818470, at *1 (M.D. Fla. July 19, 2022) ("Thus, the complaint also qualifies as a shotgun pleading because Du fails to separate her claims."). Further, the allegations pleaded are not tied to any particular

cause of action nor does Plaintiff explain how the documents submitted support his claims. *See Perma-Liner Indus., LLC v. D'Huster*, No. 8:21-cv-00715-CEH-TGW, 2021 WL 3036466, at *1 (M.D. Fla. May 6, 2021) (quoting *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010)) ("Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a 'massive waste of judicial and private resources.'").  "The Eleventh Circuit has explained that shotgun complaints are 'altogether unacceptable,' as they 'exact an intolerable toll on the trial court's docket.'" *Shed v. Univ. of S. Fla. Bd. of Trustees*, No. 8:22-cv-1327-KKM-TGW, 2022 WL 3544397, at *2 (M.D. Fla. Aug. 18, 2022) (citing *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Dkt. 2) be **DENIED**.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure, including that Plaintiff set forth his allegations in numbered paragraphs limited as far as practicable to a single set of circumstances and state in a separate count each claim founded on a separate transaction or occurrence.  *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim,

a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). The undersigned recommends that the amended complaint, if any, be due within 20 days of the date this Report and Recommendation becomes final.[1]

**IT IS SO REPORTED** in Tampa, Florida, on September 19, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[1] To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the court's website at https://www.flmd.uscourts.gov/local-rules. To the extent Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: https://www.fedbar.org/prosehandbook.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record
Unrepresented Party